UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE MICHELLE GARMON,

       Plaintiff,

v.                           CASE NO. 8:24-cv-1289-MSS-SPF

THE HONORABLE MARGARET
REBECCA TAYLOR,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff Stephanie Michelle Garmon's Application to Proceed in District Court without Prepaying Fees or Costs, construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1) and request to proceed *in forma pauperis* (Doc. 2), the undersigned recommends that Plaintiff's motion be denied, and the Complaint dismissed.[1]

### I.   BACKGROUND

Citing 42 U.S.C. § 1983, Plaintiff purports to sue Defendant, the Honorable Margaret Rebecca Taylor ("Judge Taylor"), a county court judge in the Criminal Division of the Thirteenth Judicial Circuit for Hillsborough County, Florida (Doc. 1 at 1). From what the

---

[1] Plaintiff signed the Complaint and her *in forma pauperis* motion as "Stephanie Michelle Garmon, Agent" (*see* Docs. 1, 2). Plaintiff lists her address in the opening statement of the Complaint as "Stephanie Michelle Garmon c/o Tomas Cesar Popson _ Trustee." (Doc. 1 at 1). Mr. Popson did not sign the pleading or otherwise appear. Although it is unclear who Mr. Popson is or his legal relationship to Plaintiff, if he is indeed trustee of a trust in Plaintiff's name, he is not permitted to litigate this case *pro se* on behalf of the trust. *See* 28 U.S.C. § 1654.

Court can discern, Plaintiff alleges Judge Taylor violated her constitutional rights by denying her information under the Freedom of Information Act (Doc. 1).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor.  28 U.S.C. § 1915(a)(1).  When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A suit is frivolous when it is "without any merit in fact or law."  *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015).[2]  Where a district court determines from the face of the complaint that the factual allegations are baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the

---

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id.* at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id.* at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

And under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

### III.    ANALYSIS

First, Plaintiff has identified no grounds for suing Judge Taylor. A query of the Middle District of Florida's electronic case filing system reveals that Plaintiff recently filed two other cases in this district, both removed from state court (*See Rentals First, LLC, et al. v. Garmon, et al.*, No. 8:24-cv-1025-TPB-NHA (M.D. Fla., filed Apr. 26, 2024); *State of Florida v. Garmon*, No. 8:24-cv-1292-KKM-AEP (M.D. Fla., filed May 28, 2024)). The first case (No. 8:24-cv-1025-TPB-NHA) is Plaintiff's attempt to remove a state court eviction action against her (and Judge Taylor is not the presiding judge). The magistrate judge recommended the district judge deny Plaintiff's *in forma pauperis* motion and remand the case (*Id.* at Doc. 4), and Plaintiff's objections to that report and recommendation are pending (*Id.* at Doc. 7). Plaintiff's second-filed federal case was another removal attempt, this time she sought to remove three county court traffic cases to federal court (No. 8:24-cv-1292-KKM-AEP). Two

of these traffic matters appeared to be criminal infractions that do not involve Plaintiff and were not assigned to Judge Taylor.  The third is a pending civil traffic offense against Plaintiff over which Judge Taylor presides.[3]  Plaintiff filed a notice of removal of these traffic court cases on May 28, 2024, the same day she filed this case, and the district judge dismissed the case yesterday for lack of federal jurisdiction (*Id.* at Doc. 3).  Although the undersigned's discovery of Plaintiff's other unsuccessful federal filings potentially solves the mystery of what connects Plaintiff to Judge Taylor (an open question after reading Plaintiff's Complaint), Plaintiff's Complaint fails to state a claim and should be dismissed.

First, judges are entitled to absolute judicial immunity for those acts performed within the function of their judicial office, and they may not be sued for the actions they took in their official role.  *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).  Judicial immunity applies when "(1) 'the judge deal[t] with the plaintiff in his judicial capacity' and (2) the judge did not act 'in the clear absence of all jurisdiction.'" *Bush v. Washington Mut. Bank*, 177 F. App'x 16, 17 (11th Cir. 2006) (quoting *Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985) (en banc)).

"The immunity applies even when the judge's conduct 'was in error, was done maliciously, or was in excess of his authority ....'" *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (quoting *Stump*, 435 U.S. at 356-57).  "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction.... This immunity applies even when the judge is accused of

---

[3] Case dockets for matters pending in Hillsborough County courts are available at https://hover.hillsclerk.com/html/case/caseSearch.html (last visited May 29, 2024). Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] … can be accurately and readily determined from sources who se accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  "The court may take judicial notice at any stage of the proceeding."  Fed. R. Evid. 201(d).

acting maliciously and corruptly…." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Plaintiff's Complaint lacks any specific allegation that Judge Taylor acted outside the function of her judicial office. Judge Taylor is afforded immunity from this lawsuit.

Second, 42 U.S.C. § 1983, which Plaintiff cites in her Complaint, permits a plaintiff to "bring a cause of action . . . to remedy violations of both the federal constitution and federal statutes." *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1530 (11th Cir. 1997). Section 1983 is a remedial statute, not a stand-alone cause of action. *See Mears v. McCulley*, 881 F. Supp. 2d 1305, 1317 (N.D. Ala. 2012) ("42 U.S.C. § 1983 is a remedial vehicle: that is, it provides a means to seek redress against state and local governmental entities and officials whose conduct under color of state law deprives a plaintiff of rights, privileges, or immunities secured by the United States Constitution or federal statutes."). Plaintiff's Complaint contains bare generalities (for example, Judge Taylor "denied me multiple Rights protected within the Constitution such as Trial by Jury of Peers," Doc. 1 at 2)[4] and is insufficient to state a claim under § 1983.

Finally, Plaintiff's Complaint should also be dismissed as an impermissible shotgun pleading. Failing to identify claims with sufficient clarity to enable a defendant to frame a responsive pleading constitutes a shotgun pleading, often violative of Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure. *See Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that

---

[4] In any event, this appears inaccurate: based on the state court docket, Plaintiff's traffic offense is set for an August 13, 2024 jury trial before Judge Taylor.

they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Rule 10(b) of the Federal Rules of Civil Procedure requires a party to state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances, and "each claim founded on a separate transaction or occurrence … must be stated in a separate count or defense" when doing so promotes clarity. Fed. R. Civ. P. 10(b). Plaintiff's Complaint fails to meet these requirements.

## IV.   CONCLUSION

The undersigned recommends that Plaintiff's Complaint (Doc. 1) be dismissed with prejudice. While, ordinarily, a party should be given at least one opportunity to amend,[5] given Plaintiff's allegations and history of filing similar complaints, it does not appear that Plaintiff could state a valid, nonfrivolous claim for relief plausible on its face if given the opportunity to amend.

It is hereby

**RECOMMENDED**:

1.     Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be denied.

2.     Plaintiff's Complaint (Doc. 1) be *sua sponte* dismissed with prejudice.

---

[5] *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.").

**IT IS SO REPORTED** in Tampa, Florida, on May 31, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.